[No. 9216.    Department One.    June 26, 1911.]

FRED REHLOW, *Respondent*, v. NICHOLAS SCHMITT *et al.*, *Appellants*.[1]

PLEADING—COMPLAINT—DEMURRER. A complaint for the breach of a written contract of employment at a specified sum per month is not subject to a general demurrer for want of sufficient facts to state a cause of action, from the fact that it also alleges a contemporaneous oral agreement to advance expense money, evidence as to which might have been inadmissible as varying the terms of the writing.

APPEAL—RECORD—STATEMENT OF FACTS—EVIDENCE—REVIEW. An assignment of error in the admission of evidence varying the terms of a written contract will not be considered on appeal where the evidence is not brought up in the record by bill of exceptions or statement of facts, and the judgment might have been sustained by other competent evidence.

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 28, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract.   Affirmed.

*John R. Parker* and *Nicholas Schmitt*, for appellants.

*Percy Gardiner*, for respondent.

PARKER, J.—The plaintiff commenced this action to recover for services rendered and expenses incurred in connection therewith, upon facts alleged in his complaint in substance as follows:   The plaintiff and defendant Nicholas Schmitt, acting for the community, entered into a written contract as follows:

"Seattle, Sept. 7th, 1909.

"It is hereby agreed by and between Nicholas Schmitt, party of the first part, and Fred Rehlow, party of the second part.

"That the party of the second part agrees to perform manual labor on Hat Island for the party of the first part, and be paid therefor the sum of thirty dollars ($30)

[1]Reported in 116 Pac. 267.

per month, for the months of September, October, November, December, January, February and March, to be paid as follows: Fifteen dollars ($15) each month and the balance due on the 1st day of March, 1910.

"(Signed)   Fred Rehlow
"Nicholas Schmitt."

At the time of the making of this written contract, and in connection therewith, it was agreed between the parties verbally that the defendant should pay to the plaintiff a reasonable sum monthly for his expenses during the life of the contract.   The reasonable amount of such expenses incurred by the plaintiff was $15 per month.   The plaintiff entered upon the performance of his work under the contract, and the defendants have wholly failed to perform their part thereof, and have failed to pay the plaintiff the compensation and expenses as agreed.   On or about the 18th day of December, 1909, the defendants, without any just cause therefor, ordered the plaintiff to discontinue the work and ejected him from the premises, and notified him that they would be no longer bound by the contract.   The plaintiff has at all times been willing to perform his part of the contract.   He prayed for judgment in the sum of $315 against the defendants. This complaint was demurred to upon the sole ground that it did not state a cause of action.   The demurrer being overruled, the defendants answered, when a trial followed, resulting in findings and judgment in the plaintiff's favor in the sum of $151.50.   From this judgment, the defendants have appealed.

The principal contention of counsel for appellant is that the trial court erred in overruling the demurrer and in admitting evidence upon the question of respondent's expenses. Their argument is that the court's action in this regard was in violation of the rule against admitting oral evidence to vary the terms of a written contract.   This argument seems to be directed to the overruling of the demurrer as well as admission of the evidence upon the trial.   We are unable to

see how this question has any bearing upon the alleged error of the court in overruling the demurrer. We have noticed that the demurrer was general and directed only to the insufficiency of the complaint in stating a cause of action. Whether or not oral evidence was admissible to prove the expenses incurred by respondent we think would not affect the question of the complaint stating a cause of action. The contention involves nothing but a rule of evidence. It seems clear to us that the complaint states a cause of action. As to what evidence may be admissible in support thereof, in the light of the rule excluding oral evidence offered to vary a written contract, is immaterial upon the question of the complaint stating a cause of action.

As to the admissibility of the evidence claimed to have been erroneously admitted by the court, we are unable to express any opinion, because none of the evidence is before us. The record contains no bill of exceptions or statement of facts, so we are unable to say whether or not the court committed error in this regard. We have noticed that the judgment is for only $151.50. There may have been ample evidence to support the judgment in this amount under the written contract alone. Other assigned errors would not affect the result, so they do not call for discussion.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.